[Crim. No. 3959.   Second Dist., Div. One.   May 31, 1946.]

THE PEOPLE, Respondent, v. ALLEN G. SCOTT, Appellant.

Morris Lavine for Appellant.

Robert W. Kenny, Attorney General, and Robert S. Morris, Jr., Deputy Attorney General, for Respondent.

WHITE, J.—In an amended information filed by the District Attorney of Los Angeles County, containing four counts, the defendant was charged with the crime of violating section 543 of the Penal Code, in that he did knowingly sell for a valuable consideration ration checks for gasoline issued by the Office of Price Administration, an agency of the United States Government. The information also charged the defendant with having suffered a prior conviction in the Superior Court of Los Angeles County of the crime of issuing checks without sufficient funds, a felony.

Defendant entered a plea of guilty to count I, which charged the commission of the offense on or about June 27, 1944, and also admitted the prior conviction alleged in the information. The remaining three counts were dismissed. Following the denial of his application for probation, judgment was pronounced against the defendant sentencing him to the state prison for the term prescribed by law. From such judgment defendant prosecutes this appeal.

As grounds for reversal appellant advances two contentions: (1) "The gas rationing program having terminated, pursuant to the ration program of the United States, the statute by its own terms ended gas rationing, and, therefore, there was no more force or effect to this prosecution." (2) "The statute was without jurisdiction to provide a state act where there was a Federal statute under the general war powers, which was all-inclusive."

These identical claims were presented in the case of *People* v. *Grosofsky,* 73 Cal.App.2d 15 [165 P.2d 757] (hearing denied by Supreme Court), and rejected. Upon the authority of and for the reasons stated in the case just cited, as well as for the reasons advanced in the case of *People* v. *McCord,* 72 Cal.App.2d 223, 226 [164 P.2d 50], it must be held that the statute upon which the prosecution was founded was operative as to appellant, who was accused of violating the laws governing rationing prior to their becoming inoperative; and it must also be held that the law is not unconstitutional as an interference with the exclusive powers or jurisdiction of the United States Government.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.